Filing # 118761726 E-Filed 12/28/2020 12:36:17 PM

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
(Civil Division)

LESTER FAVORS,
Plaintiff,

CASE NO.:

v.

REPUBLIC SERVICES, INC.,

Defendant.
_____\

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LESTER FAVORS ("Plaintiff'), by and through his attorneys, and sues the Defendant REPUBLIC SERVICES, INC. (hereinafter referred as "Republic" or "Defendant") a Florida corporation doing business in the State of Florida and alleges:

### PARTIES

1. Plaintiff, LESTER FAVORS, is an African-American who is over the age of 40 (DOB: June 15, 1960).

2. Defendant is a corporation doing business in the state of Florida.

### NATURE OF CLAIMS

3. This is an action against Defendant to redress the deprivation of rights secured to Plaintiffs by the Florida Civil Rights Act of 1992 ("FCRA"), Fla. stat §§ 760.01 et seq.

### STATUTORY PREREQUISITES TO SUIT

4. Plaintiff has exhausted his administrative remedies and complied with all statutory prerequisites to maintaining the claims asserted herein as required by the FCRA.

Page 1 of 7

Further, Plaintiff has performed all conditions precedent to maintaining the claims asserted herein as required by the FCRA.

## JURISDICTION, VENUE AND PARTIES

5. This is an action for damages in excess of fifteen thousand dollars ($15,000.00), exclusive of interest and costs.

6. The alleged unlawful acts of Defendant giving rise to this action were committed in Duval County, Florida, within the jurisdiction of Duval County, Florida.

7. Plaintiff is a citizen of Florida and the United States.

8. Defendant is a corporation operating in the State of Florida.

## GENERAL ALLEGATIONS

9. Plaintiff, who is African-American and over 40, is a member of classes protected against discrimination on the basis of his race and age by the FCRA.

10. At all times material hereto, Defendant was an employer within the meaning of the FCRA. As their employer for purposes of the FCRA, Defendant was prohibited from discriminating against Plaintiffs on the basis of race and age with respect to the compensation, terms, conditions, or privileges of his employment.

11. At all times material hereto, Defendant was a person within the meaning of the FCRA, Fla. stat. § 760.02(6), employing fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

12. Defendant was an employer within the meaning the FCRA, Fla stat. § 760.02(7).

13. At all times material hereto, Mitch Kopczyk was an employee and/or agent of the Defendant. Kopczyk had the authority to hire, fire, promote, demote, transfer, and/or discipline employees, along with the authority to recommend such action. Further, Kopczyk was acting

within the course and scope of his employment and/or agency when he committed the acts alleged herein.

## SPECIFIC ALLEGATIONS

14. Since July 1995, Plaintiff was employed as a Driver with Defendant.

15. In or around July 2017, Mitchell Kopczyk (Caucasian; under 40), Operations Manager, had been Mr. Favors' second-level supervisor. Mr. Kopczyk reported to General Manager Joseph ("Bill") Brinkley (Caucasian; over 40).

16. Starting in June/July 2019, Mr. Favors started to receive increased scrutiny on his work product. He received write-ups on four separate occasions over the course of six months.

17. On July 1, 2019, Defendant issued Mr. Favors a first written warning four failure to wear his seat belt while driving.

18. On August 6, 2019, Mr. Favors received a first written warning for falsification/fraud.

19. On October 4, 2019, Mr. Favors received a write up for not documenting a missed pickup. The week after, he received another write up for a seatbelt violation and was suspended. Mr. Favors is aware of other drivers who have committed similar and more serious infractions without discipline.

20. In particular, Chris Davis (Caucasian), Operator, has committed similar infractions and was subjected to less harsh discipline or no discipline at all.

21. Additionally, Mr. Favors was made aware that any infraction he commits goes directly to Mr. Kopczyk. Previously, any infraction would be handled by the supervisor who would then use his discretion to escalate. Other younger, similarly situated Operators of a different race were not subjected to the same heightened scrutiny.

22. On or around February 2020, Mr. Favors was called into a meeting with Jamie Lomason, Human Resources Manager, to discuss performance related issues. In the meeting, Ms. Lomason acknowledged that he had been a good employee and expressed confusion as to what led Mr. Favors to his alleged performance issues.

23. Later that month, Mr. Favors was informed that in lieu of Mr. Kopczyk's recommendation of termination he would instead be demoted to 'Box Bandit' driver and that his pay would decrease from $220/day to $200/day. Additionally, he would lose his 'six day a week' worker status. Ironically, Mr. Favors received a merit award after he was demoted.

24. Mr. Kopczyk regularly subjected Mr. Favors to disparate treatment due to his race and age. Although non-African-American, younger employees were not disciplined as harshly as Mr. Favors for similar infractions, Mr. Favors was subjected to higher standards that eventually led to a stunning amount of write-ups in a few months. As a result of Mr. Kopczyk's unlawful conduct, Mr. Favors eventually resigned in March 2020.

**COUNT I:  DISPARATE TREATMENT UNDER FCRA**

25. Plaintiffs hereby restate the allegations contained in paragraphs 1 through 23, as though stated fully and completely herein.

26. During the application process, Plaintiff possessed the skills and background necessary to perform the duties of their positions. As such, Plaintiffs were qualified for the positions.

27. During their employment, Defendant, though its employee and/or agent Strenth, treated Plaintiffs differently and less favorably from similarly situated employees outside the protected class. The disparate treatment of Plaintiffs included, but was not limited to, the

4

following: failure to hire Plaintiff despite being more qualified than similarly situated candidates who were younger and of a different race.

28. The discriminatory actions of Defendant against Plaintiffs, when considered individually or collectively, constitute an adverse employment action for purposes of the FCRA. More specifically, the actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of Plaintiff's employment, and/or adversely affected Plaintiff's status as employees. As such, the disparate treatment constitutes an adverse employment action within the meaning of the FCRA.

29. The adverse employment actions were taken because of Plaintiff's race and/or age. More specifically, Plaintiff's race and/or age played a motivating factor in the adverse employment actions.

30. In. subjecting Plaintiffs to adverse employment action on the basis of race and/or age. Defendant intentionally discriminated against Plaintiffs with respect to the compensation, terms, conditions, or privileges of his employment.

31. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury; and costs, including attorney's fees, in pursuing redress for the deprivation of his civil rights.

32. This claim for disparate treatment on the basis of race and/or age is asserted against Defendant pursuant to the FCRA, Fla. stat. §§ 760.01 et seq.

33. By and through acts alleged, Defendant intentionally discriminated against Plaintiffs because of race and/or age with respect to the compensation, terms, conditions, or privileges of his employment.

34. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, Plaintiffs have suffered damages as alleged more specifically in paragraph 30.

35. The aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, give rise to a cause of action under FCRA. In particular, the FCRA forbids discrimination against any employee on the basis of race and/or age with respect to the compensation, terms, conditions, or privileges of employment.

36. If Plaintiff prevails on his FCRA claim, resulting in vindication of their civil rights, then Plaintiffs are entitled to reasonable attorney's fees pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Defendant violated Plaintiffs' rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for reasonable attorney's fees and costs; punitive damages; an order enjoining Defendant from engaging in any such unlawful employment practice under the FCRA, and for any other affirmative action or equitable relief as the Court deems appropriate; and for other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

      Plaintiff hereby demands pursuant to Fla. R. CIV. P. 1.430 a trial by jury on all issues so triable.

Dated this 28th day of December, 2020.

                                  Respectfully submitted,

                                  /s/ Reshad D. Favors
                                  Reshad D. Favors, Esq.
                                  reshad@bsflegal.com
                                  1875 Connecticut Ave 10th Floor
                                  Washington, DC 20006
                                  202.508.8249 (Telephone)
                                  *Counsel for Plaintiff*